831 F.2d 294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EXECUTIVE ART STUDIOS, INC. and Terry Whitman Shoultes,
Plaintiffs-Appellants,
v.
STATE OF MICHIGAN, et al., Defendants-Appellees.
 No. 86-1996.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1987.
 
 Before LIVELY, Chief Judge, and WELLFORD, Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The district court granted the defendants' motion to dismiss this action seeking damages and an injunction pursuant to 42 U.S.C. Sec. 1983 and 18 U.S.C. Sec. 1961 et seq. (RICO). On appeal the plaintiffs have abandoned any claim under RICO, but seek reversal of the dismissal of their civil rights claims under section 1983.
 
 
 2
 The district court, despite allegations of violations of the Fifth and Fourteenth Amendments, determined from its interpretation of the complaint that the plaintiffs merely sought damages for breach of contract and thus had failed to state a claim upon which relief could be granted by a federal court, there being no other basis for federal jurisdiction. We believe this was error. A motion to dismiss may not be granted when the complaint, fairly read, pleads a cause of action in which the plaintiffs could recover under any set of circumstances. While the complaint in this case is very poorly drafted and did include a claim for breach of an agreement between the plaintiffs and the defendants, the fact remains that allegations were made which, if sustained by evidence, would entitle the plaintiffs to some relief under section 1983.
 
 
 3
 In their motion to dismiss the defendants raised issues which, on motion for summary judgment, might well have led to judgment for the defendants. However, these defenses required further development to determine whether the defendants were entitled to judgment as a matter of law. In particular, the defendants raised the issue of whether the district court should proceed with the claim for injunction in light of 28 U.S.C. Sec. 1341, the Tax Injunction Act. However, the prohibition against injunctions interfering with a state's collection of taxes applies only if the state provides an adequate remedy for the taxpayer seeking an injunction. The defendants filed nothing with their motion to dismiss which would show that the State of Michigan does have an adequate procedure to protect the right of these plaintiffs, although it does appear that such a procedure is in place.
 
 
 4
 The defendants also sought dismissal on Eleventh Amendment grounds and the ground that the state is not a "person" within the meaning of section 1983.
 
 
 5
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, the judgment of the district court is vacated, and the case is remanded for further development of the issues raised by the complaint and motion to dismiss.